Douglas D. Phelps, WSBA#22620
phelps@phelpslaw1.com
Phelps & Associates, P.S.
2903 N. Stout Road
Spokane, WA 99206
Phone: (509)892-0467
Fax: (509)921-0802

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH RILEY and SHALEE RILEY, husband and wife; and the marital community comprised thereof; on behalf of minors ██████, ██████ and ██████ | Case No. _____ |
| | COMPLAINT |
| Plaintiffs, | |
| vs. | |
| CITY OF SPOKANE VALLEY, SPOKANE COUNTY PROSECUTOR LARRY HASKELL, SPOKANE COUNTY PROSECUTOR SHARON HEDLUND, SPOKANE COUNTY, SPOKANE COUNTY SHERIFFS DEPARTMENT, SHERIFF OZZIE KNEZOVICH, DETECTIVE MARC MELVILLE, JAMIE L. PETERSON, a single person, JOHN/JANE Doe 1-10, | |
| Defendants | |

COMES NOW the Plaintiffs, JOSEPH RILEY and SHALEE RILEY and their

minor children, by and through their attorney, DOUGLAS D. PHELPS of PHELPS &

ASSOCIATES, P.S., and for a cause of action against the Defendants above-named alleges as follows:

## I. INTRODUCTION

1.1 This is a civil action seeking compensatory and punitive damages against the Defendants for malicious prosecution, false arrest, unlawful imprisonment, libel, outrageous conduct, and for committing acts under color of law, depriving the Plaintiffs of rights secured by the United States Constitution and the laws of the United States. Defendants CITY OF SPOKANE VALLEY, SPOKANE COUNTY, SPOKANE COUNTY SHERIFFS DEPARTMENT, SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH, DETECTIVE MARC MELVILLE, JAMIE L. PETERSON and JOHN/JANE DOES 1-10 while acting in their capacity as employees of SPOKANE COUNTY and CITY OF SPOKANE VALLEY, acted to deprive the Plaintiffs of their constitutional rights.

1.2 Additionally, the acts of the CITY OF SPOKANE VALLEY, SPOKANE COUNTY, SPOKANE COUNTY SHERIFFS DEPARTMENT, SHERIFF OZZIE KNEZOVICH, JAMIE L. PETERSON, DETECTIVE MARC MELVILLE and JOHN/JANE DOES 1-10 violated the Plaintiffs' rights pursuant to the United States Constitution, 42 U.S.C. Section 1983 and 1988, under the Civil Rights Act of 1971, the Washington State Constitution, the Revised Code of Washington, and the common law.

1.3 SPOKANE COUNTY SHERIFF'S DEPARTMENT is a law enforcement agency which contracts to provide law enforcement duties for the CITY OF SPOKANE VALLEY.

1.4 SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH is the elected Sheriff responsible for the hiring and supervision of SPOKANE COUNTY SHERIFFS DEPUTIES including DETECTIVE MARC MELVILLE of Spokane County Sheriff's Department/Spokane Valley Police Department.

1.5 Additionally, the acts of SPOKANE COUNTY PROSECUTOR LARRY HASKELL and SPOKANE COUNTY PROSECUTOR SHARON HEDLUND in filing false criminal charges of first-degree assault based upon false and incomplete information provided by DETECTIVE MARC MELVILLE.

1.6 Plaintiffs JOSEPH RILEY, SHALEE RILEY, and minor children maintain various state claims including libel, slander, false arrest, unlawful imprisonment, and the tort of outrage for actions of Defendants DETECTIVE MARC MELVILLE, SPOKANE COUNTY SHERIFFS DEPARTMENT, SHERIFF OZZIE KNEZOVICH, PROSECUTOR LARRY HASKEL, PROSECUTOR SHARON HEDLUND and JAMIE L. PETERSON.

## II. JURISDICTION AND PARTIES

2.1 This action is brought pursuant to 42 USC Section 1983 and 1988, under the Civil Rights Act of 1971, alleging that the Defendants acted under the color of law, depriving the Plaintiffs of their rights, privileges, and immunities as guaranteed by

the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

2.2 This Court has jurisdiction of this cause under 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 1983.

2.3 All acts and omissions complained of occurred in the Eastern District of the State of Washington.

2.4 Plaintiffs JOSEPH RILEY, SHALEE RILEY, and on behalf of minors Fable Riley, Arowen Riley, Lily Delong-Riley, and George Walling is and were at all times relevant hereto residents of Spokane County, State of Washington.

2.5 Defendant CITY OF SPOKANE VALLEY is a municipality located in Spokane County, State of Washington.

2.6 Defendant SPOKANE COUNTY is a County government in Spokane County, State of Washington.

2.7 SPOKANE COUNTY SHERIFFS DEPARTMENT is a law enforcement agency contracting with the CITY OF SPOKANE VALLEY to provide law enforcement services in the CITY OF SPOKANE VALLEY.

2.8 Defendant SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH is the elected Sheriff in Spokane County responsible for supervision, hiring, and training of Defendant DETECTIVE MARC MELVILLE actions or inactions herein.

2.9 Defendants DETECTIVE MARC MELVILLE and JOHN/JANE DOES 1-10 are residents of Spokane County, Washington, and were law enforcement officers employed by the CITY OF SPOKANE VALLEY, SPOKANE COUNTY,

SPOKANE COUNTY SHERIFFS DEPARTMENT at all times relevant to this action. All Defendants are believed to reside or committed acts in Spokane County, State of Washington.

2.10    Defendant JAMIE L. PETERSON is and was at all times relevant hereto a resident of Spokane County, State of Washington.

2.11    Venue is proper in the Eastern District of the State of Washington under 28 U.S.C. Section 1391 in that the cause of action arises in the Eastern District of Washington.

### III. CAUSE OF ACTION

3.1    On or about January 2, 2020, JOSEPH RILEY was arrested and wrongfully incarcerated for the crime of first degree assault that he did not commit.

3.2    JOSEPH RILEY suffers from a form of Autism known as Asperger's Syndrome

3.3    ███████████ suffers from a form of Autism Spectrum Disorder.

3.4    On or about December 28 and 29, 2019, JOSEPH RILEY was at his residence on the Spokane South Hill the entire night. **(Exhibit A – Report 2019-10182252 page 9 of 17)**

3.5    On or about December 28 and 29, 2019, JAMIE L. PETERSON, Kailyn Mellick, Stephanie Banna, and Daniel Jarman, arrived at Ichabods Bar and Grill in the CITY OF SPOKANE VALLEY. **(Exhibit B – Report 2019-10182252 page 3 of 6)**

3.6    Stephanie Banna conversed with JAMIE L. PETERSON who negligently and falsely allowed and mislead others to believe he was JOSEPH RILEY thereby assuming the identity of JOSEPH RILEY. (Exhibit B – Report 2019-10182252

page 3 of 6), (Exhibit C – Interview with Ted Pulver), (Exhibit D – Report 2019-10182252 page 7 of 17)

3.7     JAMIE L. PETERSON did not deny or act to correct that his name was JAMIE L. PETERSON to Kailyn Mellick, Stephanie Banna, or Daniel Jarman further assuming the identity of JOSEPH RILEY. **(Exhibit D – Report 2019-10182252 page 7 of 17)**

3.8     JAMIE L. PETERSON, Kailyn Mellick, Stephanie Banna, and Daniel Jarman left Ichabods Bar and Grill and later returned to Ichabods Bar and Grill parking lot. **(Exhibit E – Report 2019-10182252 page 4 of 17)**

3.9     Kailyn Mellick and Stephanie Banna upon returning to the bar parking lot with an unknown man later identified as JAMIE L. PETERSON, who is now alleged to have acted negligently in attacking and beating Daniel Jarman causing injuries to Mr. Daniel Jarman, ultimately leading to his death. **(Exhibit F – Report 2019-10182252 page 5 of 17)**

3.10    Kailyn Mellick and Stephanie Banna reported to police dispatch in a 911 call and in subsequent interviews with responding deputies that they did not know the man who attacked Daniel Jarman **(Exhibit Z Report 2019-10182252 page 3 of 3)**

3.11    Kailyn Mellick and Stephanie Banna stated, further that an unknown male (now identified as JAMIE L. PETERSON) and Daniel Jarman exited a vehicle and started arguing between each other. **(Exhibit F Report 2019-10182252 page 5 of 17)**

3.12    Kailyn Mellick and Stephine Banna stated in a 911 call and police interviews that an unknown male began to assault Daniel Jarman. The unidentified man was striking Daniel Jarman multiple times to the face with his fist knocking him onto the ground in the parking lot of Ichabods Bar and Grill. **(Exhibit F Report 2019-10182252 page 5 of 17)**

3.13    Kailyn Mellick and Stephanie Banna stated in police interviews and 911 calls, the unknown male left the area leaving Daniel Jarman on the ground bleeding and unconscious. **(Exhibit F Report 2019-10182252 page 5 of 17)**

3.14    Police arriving on the scene identified a male Ciaran Bliss, as a person who had ran from the area shortly after the fight and he was detained and returned to the scene. **(Exhibit ZZ Report 2019-10182252  page 2 of 2)** and video from Dave's Bar and Grill)

3.15    DETECTIVE MARC MELVILLE failed to follow-up on information that was provided regarding Ciaran Bliss after he was found near the scene of the beating immediately after the assault. **(Reports generally)**

3.16    Ted Pulver, a private investigator hired by JOSPEH RILEY, in his investigation viewed Ichabods Bar and Grill video and interviewed Ichabods' employees discovering that Kailyn Mellick and Stephine Banna were in such an intoxicated state that they were refused service and asked to leave Ichabods Bar and Grill on the night of the incident. **(Exhibit N Affidavit Ted Pulver)**

3.17    DETECTIVE MARC MELVILLE based on an interview with employees working at Ichabods Bar and Grill and viewing of video from Ichabods on December 29,

2019, knew or should have known that JOSEPH RILEY was not in Ichabods Bar and Grill with Kailyn Mellick, Stephine Banna and Daniel Jarman. (**Exhibit N Affidavit Ted Pulver**)

3.18 DETECTIVE MARC MELVILLE incorrectly documented in his report dated January 4, 2020, that he was unable to view video from inside Ichabods Bar and Grill. (**Exhibit N Affidavit of Ted Pulver**)

3.19 DETECTIVE MARC MELVILLE was advised on January 4, 2020, by a bar employee, Brittany Seaman, that she knew JOSEPH RILEY from a prior encounter, and she knew JOSEPH RILEY was not in the bar on the night of December 28 and 29, 2019. This information was withheld from the affidavit of probable cause for the arrest of JOSEPH RILEY by DETECTIVE MARC MELVILLE.

(**Exhibit G- Report 2019-10182252 page 10-11 of 17**)

3.20 DETECTIVE MARC MELVILLE reviewed Ichabods Bar and Grill and Dave's Bar and Grill video prior to arresting JOSEPH RILEY which clearly showed JOSEPH RILEY was not in the bar or the parking lot on December 28 or 29, 2019.

(**Exhibit H – Report 2019-10182252 page 3-4 of 17**)

3.21 DETECTIVE MARC MELVILLE obtained charge and debit receipts from Ichabods Bar and Grill and knew there were no receipts for JOSEPH RILEY on December 28 or 29, 2019, but there were receipts for Daniel Jarman and other patrons. This information was withheld from the affidavit of probable cause by

DETECTIVE MARC MELVILLE (Exhibit G Report 2019-10182252 p. 10 of 17)

3.22 The video from Ichabods Bar and Grill which was reviewed on December 29, 2019, by DETECTIVE MARC MELVILLE before JOSEPH RILEY was arrested confirmed that Kailyn Mellick, Stephanie Banna, and Daniel Jarman were in Ichabods Bar and Grill on December 28 or 29 but JOSEPH RILEY was not present. This information was withheld from the affidavit of probable cause by DETECTIVE MARC MELVILLE.

3.23 Kailyn Mellick in an interview on December 31, 2019, told DETECTIVE MARC MELVILLE that she did not know who the man was that was with them on December 28 and 29. **(Exhibit O Kailyn Mellick Interview Transcript p. 6)**

3.24 Kailyn Mellick told DETECTIVE MARC MELVILLE she thought Stephani Banna knew JOSEPH RILEY and his wife. **(Exhibit P Kailyn Mellick Interview Transcript p. 19)**

3.25 Kailyn Mellick told DETECTIVE MARC MELVILLE that Daniel Jarman was punched in the face roughly 12 times **(Exhibit Q Kailyn Mellick Interview Transcript p.25).**

3.26 Kailyn Mellick told DETECTIVE MARC MELVILLE that before the night of the incident she had never known Stephanie Banna to talk about JOSEPH RILEY. **(Exhibit R Kailyn Mellick Interview Transcript p. 53)**

3.27 Kailyn Mellick later allegedly went to her residence and did an online search for JOSEPH RILEY and then suggested that this was the unknown man who assaulted

Daniel Jarman and was with her at Ichabods Bar and Grill on December 28th and 29th. ( **Exhibit O Kailyn Mellick Interview Transcript p. 6** )

3.28 DETECTIVE MARC MELVILLE knew or should have known from his viewing of the video at Ichabods Bar and Grill, interview of bar employee Brittany Seaman, and from the receipts from the bar that JOSEPH RILEY was not in the Bar with either Kailyn Mellick, Stephanie Banna, or Daniel Jarman prior to his arrest of JOSEPH RILEY. This information was withheld from the affidavit of probable cause by DETECTIVE MARC MELVILLE. (**Exhibit G Report 2019-10182252 p. 10 – 11 of 17**)

3.29 Stephanie Banna said that she knew JOSEPH RILEY only from Facebook for 2 years prior to the December 29, 2019, incident, even though she had initially denied knowing the person who was with her and Stephanie Banna all night of December 28 to 29th. This information was withheld from the affidavit of probable cause by DETECTIVE MARC MELVILLE. (**Exhibit I Interview of Stephanie Banna p. 11**)

3.30 Stephanie Banna followed JOSEPH RILEY on Facebook from his tattoo business for about two years prior to this incident. Ms. Stephanie Banna said she did not know JOSEPH RILEY except as a Facebook friend. This information was withheld from the affidavit of probable cause by DETECTIVE MARC MELVILLE. (**Exhibit I – Interviews of Stephanie Banna page 11 of 46**)

3.31 Kailyn Mellick called Crime Check and reported that JOSEPH RILEY was the man who assaulted Daniel Jarman, even though Kailyn Mellick and Stephanie Banna

had initially denied knowing the person that was with them on December 28 to 29, 2019. **(Exhibit O Kailyn Mellick Interview Transcript p. 6)**

3.32 Stephanie Banna later made recorded statements with Ted Pulver stating that DETECTIVE MARC MELVILLE provided details implicating JOSEPH RILEY as the suspect during her interview. **(Exhibit J – Interview of Stephanie Banna page 17-19 of 46) (Ted Pulver interview Exhibit C p. 1)**

3.33 DETECTIVE MARC MELVILLE was aware on December 29, 2019 that Kailyn Mellick and Stephanie Banna had disagreed about the identity of the person ultimately identified as JAMIE L. PETERSON which DETECTIVE MARC MELVILLE withheld from the probable cause affidavit. **(Exhibit K – Report 2019-10182252 page 3 of 17)**

3.34 DETECTIVE MARC MELVILLE was aware on December 29, 2021 that Stephanie Banna had advised him that the male with them at Ichabods Bar and Grill was having a tattoo removed from his arm. This information was withheld from the affidavit of probable cause. (Exhibit C Recorded Interview of Stephanie Banna)

3.35 DETECTIVE MARC MELVILLE falsely suggested to Stephanie Banna that the police had received a crime check report identifying JOSEPH RILEY as the aggressor and another Deputy had information identifying JOSEPH RILEY when Stephanie Banna was reluctant to implicate JOSEPH RILEY during an interview recorded on December 31, 2019 leading to a statement implicating JOSEPH RILEY **(Exhibit J – Interview of Stephanie Banna page 17-19 of 46)**

3.36 DETECTIVE MARC MELVILLE failed to report in his probable cause affidavit that JOSEPH RILEY had no criminal history. This information was withheld from the affidavit of probable cause by DETECTIVE MARC MELVILLE.

3.37 DETECTIVE MARC MELVILLE went to Mr. JOSEPH RILEY's home on about January 2, 2020 after he had reviewed videos, obtained the bar receipts, interviewed bar employee Brittany Seaman. DETECTIVE MARC MELVILLE was aware the male now identified as JAMIE L. PETERSON was removing a tattoo from his arm on the date of the attack.

3.38 DETECTIVE MARC MELVILLE observed Mr. JOSEPH RILEY was fully cooperative with DETECTIVE MARC MELVILLE when contacted at his home.

3.39 Joseph Riley cooperated with Detective Marc Melville providing him his cell phone to prove that he was at home and not in the Spokane Valley at Ichabods Bar and Grill on December 28 or 29, 2019. (**Exhibit A Report 2019-10182252 p. 15 of 17**)

3.40 DETECTIVE MARC MELVILLE was advised by JOSEPH RILEY and SHALEE RILEY that Mr. JOSEPH RILEY had been at home with his wife SHALEE RILEY on the night of December 28 to 29, 2019 on the South Hill.

3.41 DETECTIVE MARC MELVILLE could see that Mr. JOSEPH RILEY had no injuries to his hand, fist, or body consistent with the type of physical altercation alleged in this case. (**Exhibit G Report 2019-10182252 p. 10-11 of 17**)

3.42 Had DETECTIVE MARC MELVILLE looked at JOSEPH RILEY's arm he would have observed that there was no tattoo that was being removed which Stephanie

Banna had told DETECTIVE MARC MELVILLE in a recorded interview on December 31, 2019 **(Exhibit W Report 2019-10182252 p.13)**

3.43 DETECTIVE MARC MELVILLE refused to investigate alibi witnesses that would have reported JOSEPH RILEY had been at home on the night of the alleged assault before or after arresting JOSEPH RILEY. **(Exhibit N. Affidavit of Ted Pulver)**

3.44 DETECTIVE MARC MELVILLE arrested JOSEPH RILEY on the front porch of Mr. JOSEPH RILEY's home in view of his children and wife SHALEE RILEY.

3.45 DETECTIVE MARC MELVILLE falsely told SHALEE RILEY that her husband had been unfaithful to her and was involved with other women; this was a false statement made to interfere with the Riley's marital relationship. **(Exhibit S Affidavit of Shalee Riley)**

3.46 DETECTIVE MARC MELVILLE and Deputy Prosecuting Sharon Hedland threatened to charge JOSEPH RILEY and SHALEE RILEY with witness tampering after listening to jail phone calls where the couple discussed potential alibi witnesses in an effort to prepare a defense.

3.47 Neighbors and friends who were aware JOSEPH RILEY was at his residence on December 28 or 29 and not at Ichabods Bar and Grill, contacted Defendant DETECTIVE MARC MELVILLE multiple times with no response from the Detective. This information was withheld from the affidavit of probable cause by DETECTIVE MARC MELVILLE.

3.48 Cody Greenfield tried contacting DETECTIVE MARC MELVILLE to give him a statement about where JOSEPH RILEY was the night of December 28 and 29,

2019, with no response from DETECTIVE MARC MELVILLE. (**Exhibit T Affidvait Cody Greenfield**)

3.49  DETECTIVE MARC MELVILLE ignored the statements of SHALEE RILEY and JOSEPH RILEY, that JOSEPH RILEY had been at home on the night of December 28 to December 29, 2019 during the altercation at Ichabods Bar and Grill parking lot instead making a warrantless arrest of JOSEPH RILEY without any further investigation of the alibi information provided by the Riley's.

3.50  DETECTIVE MARC MELVILLE and Spokane County Sheriffs Department maintained in press release and probable cause affidavits that DETECTIVE MARC MELVILLE had a video that showed "JOSEPH RILEY" was at the Ichabods Bar and Grill parking lot on the night of the assault which was false. (**Exhibit U Press Release**)

3.51  The video of the parking lot at Ichabods Bar and Grill on December 28th to 29th does not and has never recorded JOSEPH RILEY in the parking lot at Ichabods Bar and Grill because he was not in the parking lot and DETECTIVE MARC MELVILLE knew that when he arrested JOSEPH RILEY.

3.52  The video from inside Ichabods Bar and Grill did not show JOSEPH RILEY in the bar on the night of December 28th to 29th of 2019 and DETECTIVE MARC MELVILLE viewed that video prior to charging JOSEPH RILEY. (**Exhibit N Affidavit Ted Pulver**)

3.53  DETECTIVE MARC MELVILLE reviewed monitored jail phone calls where JOSEPH RILEY and SHALEE RILEY were discussing alibi witnesses that could

corroborate Mr. JOSEPH RILEYs whereabouts on December 28th to 29th of 2019. These witnesses were never contacted by DETECTIVE MARC MELVILLE or documented in affidavits of probable cause.

3.54   Among the witnesses available to corroborate Mr. JOSEPH RILEYs whereabouts was Master Sergeant Shawn E. Roberge of the United States Air Force, a neighbor of JOSEPH RILEY. **(Exhibit V Affidavit of Shawn Roberge)**

3.55   Shawn E. Roberge contacted the Sheriff's Department but there was no interview conducted by DETECTIVE MARC MELVILLE to verify the exculpatory evidence for Shawn E. Roberge that JOSEPH RILEY was not at Ichabods Bar and Grill on December 28th to 29th 2019.

3.56   Shawn E. Roberge statement would have corroborated what Mr. JOSEPH RILEY and SHALEE RILEY stated, what was observed in videos from Ichabods Bar and Grill, the statements from bar employee Brittany Seaman and the parking lot video that JOSEPH RILEY was not at Ichabods Bar and Grill at the time of the alleged assault. **(Exhibit V Affidavit Shawn Roberge)**

3.57   DETECTIVE MARC MELVILLE acted in reliance on the coerced, false, inconsistent, unreliable, and misleading statements of Kailyn Mellick, and Stephanie Banna in making a warrantless and false arrest of JOSEPH RILEY. DETECTIVE MARC MELVILLE recklessly disregarded all exculpatory evidence in arresting JOSEPH RILEY. JOSEPH RILEY as a result has suffered and continues to suffer mental, physical, financial damages and reputation damages.

3.58    As a result of the DETECTIVE MARC MELVILLE false and inaccurate reporting on the matter in sworn reports and probable cause affidavits, JOSEPH RILEY was held pretrial in jail for 2 weeks for a first degree assault that he did not commit.

3.59    As a result of DETECTIVE MARC MELVILLE's actions and inactions, JOSEPH RILEY incurred cost to bond out of jail, hire lawyers, and investigators to investigate and prove his innocence for falsely filed charges of first degree assault.

3.60    DETECTIVE MELVILLE later learned that Daniel Jarman died due to his multiple injuries suffered in the beating in the parking lot of Ichabods Bar and Grill.

3.61    Stephanie Banna called DETECTIVE MELVILLE on January 28, 2020 with information pertaining to the false arrest of JOSEPH RILEY which implicated JAMIE L. PETERSON as to the true attacker. (**Exhibit W Report 2019-10182252 p.12**)

3.62    Stephanie Banna stated that a friend had shown her a picture of JAMIE L. PETERSON which looked very similar to JOSEPH RILEY and she had a sinking feeling that JOSEPH RILEY was the wrong person who had been arrested, falsely charged, and incarcerated by DETECTIVE MARC MELVILLE

3.63    DETECTIVE MARC MELVILLE reviewed the new information and photographs of JAMIE L. PETERSON and JOSEPH RILEY and recognized similar features in the face and body of the two men. (**Exhibit W Report 2019-10182252 p.12**)

3.64    DETECTIVE MARC MELVILLE performed a records search for JAMIE L. PETERSON and found that he had been involved in a bar fight July 2019 (**Exhibit X Report 2019-10182252 p.13**)

3.65 DETECTIVE MARC MELVILLE interviewed JAMIE L. PETERSON stating he was following up with people who were present at Ichabods Bar and Grill the night of December 28th to 29th, 2019. **(Exhibit W Report 2019-10182252 p.13)**

3.66 JAMIE L. PETERSON denied ever getting in a fight or altercation at Ichabods Bar and Grill and stated he did not know Kailyn Mellick and Stephanie Banna.

3.67 DETECTIVE MARC MELVILLE indicated that the person identified had tattoos on their arm, JAMIE L. PETERSON showed DECTECTIVE MARC MELVILLE his tattoos on his arms.

3.68 JAMIE L. PETERSON had a lasered off tattoo on the inside of his left forearm just below the elbow, now showing small dots where a tattoo was previously located.

3.69 DECTECTIVE MARC MELVILLE recalled Stephanie Banna had specifically stated the suspect had a tattoo partially removed in an interview on December 31, 2019. **(Exhibit W Report 2019-10182252 p.13)**

3.70 DECTECTIVE MARC MELVILLE confronted JAMIE L. PETERSON with the description of the suspect including the removal of a tattoo.

3.71 JAMIE L. PETERSON became defensive and said "That's a complete lie."

3.72 DECTECTIVE MARC MELVILLE told JAMIE PETERSON his name had been brought forward by the females involved from the incident with Mr. Daniel Jarman.

3.73 JAMIE L. PETERSON continued to deny being involved in the incident with Daniel Jarman.

3.74    After the interview with JAMIE L. PETERSON, DECTECTIVE MARC MELVILLE called Spokane County Prosecutor Sharon Hedlund and advised her of his findings.

3.75    DPA Hedlund searched for JAMIE L. PETERSON's Facebook but could not locate any information for him on Facebook. **(Exhibit W Report 2019-10182252 p.14)**

3.76    DECTECIVE MARC MELVILLE described the page to Spokane County Prosecutor Sharon Hedlund but there was still no information on JAMIE L. PETERSON. The Facebook page had been removed.

3.77    DECTECTIVE MARC MELVILLE had looked at the profile numerous times and now could not locate it after the interview he conducted with JAMIE L. PETERSON.

3.78    On January 30, 2020, the Spokane County Prosecutor Sharon Hedlund dismissed the charges against Mr. JOSEPH RILEY without prejudice. **(Exhibit L - Dismissal)**.

3.79    On April 1, 2020, the Spokane County Prosecutor Sharon Hedlund dismissed the charges with prejudice against Mr. JOSEPH RILEY based upon "newly discovered evidence." **(Exhibit M - Dismissal)**.

3.80    As a result of false statements, misleading police reports, false probable cause affidavits, and media releases Mr. JOSEPH RILEY was falsely arrested and held out before the public as a violent criminal and murderer all of which was contrary to evidence available to DETECTIVE MARC MELVILLE.

3.81   As a result of these false reports, false and incomplete probable cause affidavits, and false accusations Mr. JOSEPH RILEY and SHALEE RILEY and minor children suffered emotional, financial, and reputation injuries.

3.82   As a result of DETECTIVE MARC MELVILLE's false affidavit of probable cause, refusal to complete investigation, misleading interview tactics with Stephanie Banna, and ignoring evidence that Kailyn Mellick and Stephanie Banna were collaborating regarding the identity of the attacker. Mr. JOSEPH RILEY was falsely arrested, charged, and imprisoned for a crime he did not commit.

3.83   DNA Evidence and fingerprint evidence found in the vehicle in which the parties were driving on the night of the attack identified JAMIE L. PETERSON as the person in the vehicle with Stephanie Banna, Kailyn Mellick, and Daniel Jarman. NO DNA or fingerprint evidence was found for JOSEPH RILEY.

3.84   Spokane County Prosecutors LARRY HASKELL and SHARON HEDLUND relying on the evidence available refused to bring criminal charges against JAMIE L. PETERSON, further evidence, that the charges against JOSEPH RILEY brought by DETECTIVE MARC MELVILLE, LARRY HASKELL, and SHARON HEDLUND were unreasonable when alleged against JOSEPH RILEY with more evidence available implicating JAMIE L. PETERSON.


## IV. CAUSE OF ACTION FOR COMMON LAW NEGLIGENCE

Plaintiff re-alleges and incorporates the foregoing paragraphs as fully set forth herein, paragraph 3.1 to 3.84 as paragraphs 4.1 to 4.84

4.85 That the CITY OF SPOKANE VALLEY, SPOKANE COUNTY, SPOKANE COUNTY SHERIFFS DEPARTMENT, SHERIFF OZZIE KNEZOVICH SPOKANE COUNTY PROSECUTOR LARRY HASKELL and SHARON HEDLUND, and DETECTIVE MARC MELVILLE failed to prevent injury to JOSEPH RILEY in violation of their common law duty to properly train and supervise law enforcement personnel on how to conduct and report investigations.

4.86 That the CITY OF SPOKANE VALLEY, SPOKANE COUNTY, SPOKANE COUNTY SHERIFFS DEPARTMENT, and SHERIFF OZZIE KNEZOVICH failed to train law enforcement staff including DETECTIVE MARC MELVILLE and JOHN/JANE DOE 1-10 that police reports and affidavits of probable cause must be complete and accurate.

4.87 DETECTIVE MARC MELVILLE and JOHN/JANE DOE 1-10 acted with negligent and reckless disregard by conducting misleading interviews, failing to accurately and correctly report and document the investigations of the said crime leading to the false arrest and false imprisonment of JOSEPH RILEY.

4.88 DETECTIVE MARC MELVILLE failed in his duty to protect JOSEPH RILEY and SHALEE RILEY from false arrest, false imprisonment, and malicious claims of criminal activities.

4.89 As a result of the actions or inactions of DETECTIVE MARC MELVILLE, SPOKANE COUNTY SHERIFFS DEPARTMENT, SHERIFF OZZIE KNEZOVICH, and Prosecutors LARRY HASKELL and SHARON HEDLAND, JOSEPH RILEY and SHALEE RILEY were forced to retain an investigator and attorneys to protect their family from the false and misleading allegations and criminal charges falsely made by Kailyn Mellick, Stephanie Banna, and DETECTIVE MARC MELVILLE.

4.90 SPOKANE COUNTY, SPOKANE COUNTY SHERIFFS DEPARTMENT, CITY OF SPOKANE VALLEY, including DETECTIVE MARC MELVILLE of Spokane County Sheriff's Department knowingly and recklessly provided false, coerced, and misleading statements in the probable cause affidavit regarding JOSEPH RILEY and his involvement in the assault and murder of Daniel Jarmen.

4.91 The failure of DETECTIVE MARC MELVILLE to adequately, fully investigate, and accurately document his findings in the probable cause affidavit in this case led to the false arrest, charging, and incarceration of JOSEPH RILEY for a crime committed by JAMIE PETERSON who had assumed JOSEPH RILEY's identity.

## V. CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs re-allege and incorporate paragraphs 3.1 to 3.84 as 5.1 to 5.84.

5.85 The defendant DETECTIVE MARC MELVILLE acted intentionally or recklessly in making false statements that JOSEPH RILEY assaulted DANIEL JARMAN.

5.86 The defendant DETECTIVE MARC MELVILLE acted intentionally, recklessly, and negligently in making false statements to SHALEE RILEY that her husband had been involved in an extra-marital relationship.

5.87 The defendant DETECTIVE MARC MELVILLE made statements to SHALEE RILEY regarding JOSEPH RILEY being unfaithful which was extreme and outrageous conduct not necessary to investigate the offense.

5.88　The acts of defendant DETECTIVE MARC MELVILLE have caused JOSEPH RILEY, SHALEE RILEY distress and marital discord.

5.89　The false statements made by DETECTIVE MARC MELVILLE have caused JOSEPH RILEY and SHALEE RILEY to be held out in the public and social media in a negative and false light.

5.90　DETECTIVE MARC MELVILLE falsely advised Stephanie Banna that others including a sheriffs deputy and crime stop report had implicated JOSEPH RILEY as the attacker on December 28 and 29, 2019 encouraging her to falsely implicate JOSEPH RILEY.

5.91　The plaintiff JOSEPH RILEY and SHALEE RILEY have suffered severe emotional distress due to the negligent, intentional, and reckless acts of DETECTIVE MARC MELVILLE.

## VI. CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER COLOR OF LAW PURSUANT TO 42 USC 1983 (THE CIVIL RIGHTS ACT)

Plaintiffs re-allege and incorporate paragraphs 3.1 to 3.84 as 6.1 to 6.84.

6.85　The Defendants caused or failed to prevent injury to JOSEPH RILEY and his family in violation of JOSEPH RILEY's rights under 42 USC 1983 by falsely arresting, charging, and incarcerating JOSEPH RILEY.

6.86　That the CITY OF SPOKANE VALLEY, SPOKANE COUNTY, SPOKANE COUNTY SHERIFFS DEPARTMENT, SPOKANE COUNTY SHERIFF OZZIE

KNEZOVICH, and DETECTIVE MARC MELVILLE by custom, policy, or practice, caused the injury to JOSEPH RILEY.

6.87 As a result of DETECTIVE MARC MELVILEE's warrantless and false arrest of JOSEPH RILEY, he was taken into custody and held in violation of his 4th, 8th, and 14th Amendment Rights for a crime he did not commit.

6.88 DETECTIVE MARC MELVILLE while acting in his official capacity misrepresented the facts in the affidavit of probable cause filed in JOSEPH RILEY's case.

6.89 DETECTIVE MARC MELVILLE recklessly conducted interviews leading Stephanie Banna to falsely implicate JOSEPH RILEY. This evidence was then used to falsely arrest JOSEPH RILEY.

6.90 As a result of the violations by CITY OF SPOKANE VALLEY, SPOKANE COUNTY, SPOKANE COUNTY SHERIFFS OFFICE, SHERIFF OZZIE KNEZOVICH and DETECTIVE MARC MELVILLE to JOSEPH RILEY rights, suffered, and continues to suffer injury as a result of this false criminal prosecution and incarceration and injuries including but not limited to financial loss, reputation loss, physical, psychological, and emotional injuries.

6.91 SPOKANE COUNTY, SPOKANE COUNTY SHERIFFS DEPARTMENT, SHERIFF OZZIE KNEZOVICH, DETECTIVE MARC MELVILLE of Spokane Valley Police Department and John/Jane Doe 1-10 acted callously and recklessly in withholding or investigating exculpatory evidence in the affidavit of probable cause and the criminal prosecution of JOSEPH RILEY.

6.92 SPOKANE COUNTY, SPOKANE COUNTY SHERIFFS DEPARTMENT, SHERIFF OZZIE KNEZOVICH and DETECTIVE MARC MELVILLE acted to mislead, coerce, and intimidated Stephanie Banna into making a false accusation against JOSEPH RILEY.

6.93 SPOKANE COUNTY, SPOKANE COUNTY SHERIFFS DEPARTMENT, SHERIFF OZZIE KNEZOVICH and DETECTIVE MARC MELVILLE acted to falsely arrest and incarcerate JOSEPH RILEY violating his civil rights.

## VII. CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS PURSUANT TO THE CONSTITUTION OF THE UNITED STATES AND THE WASHINGTON STATE CONSTITUTION

Plaintiffs re-allege and incorporate paragraphs 3.1 to 3.84 as 7.1 to 7.84.

7.85 The Defendants acted with reckless and callous indifference to JOSEPH RILEY's rights and failed to prevent injury to JOSEPH RILEY and SHALEE RILEY which was a violation of their rights pursuant to Article I Section 3, 7, 14, and 35 of the Washington State Constitution and the 4th, 8th, and 14th Amendments to the Constitution of the United States.

7.86 That DETECTIVE MARC MELVILLE falsely arrested, seized and incarcerated JOSEPH RILEY based on coerced and false allegations that he committed assault in the first degree a violation of his 14th and 4th Amendment Rights.

7.87 That DETECTIVE MARC MELVILLE made false and misleading statements under oath in his affidavit of probable cause resulting in an 8th Amendment

violation due to pretrial incarceration based on false information inflicting cruel and unusual punishment on JOSEPH RILEY for a crime he did not commit.

7.88 DETECTIVE MARC MELVILLE made intentionally false statements in his affidavit of probable cause and failed to document any exculpatory information in his affidavit of probable cause leading to the false arrest and incarceration of JOSEPH RILEY.

7.89 That CITY OF SPOKANE VALLEY, SPOKANE COUNTY, SPOKANE COUNTY SHERIFFS DEPARTMENT, SHERIFF OZZIE KNEZOVICH, DETECTIVE MARC MELVILLE, SPOKANE COUNTY PROSECUTORS LARRY HASKELL and SHARON HEDLUND, and JOHN/JANE DOE 1-10 by custom, policy, or practice caused the deprivation of the rights of JOSEPH RILEY.

7.90 That as a result of the violations to JOSEPH RILEY's Washington State and United States Constitutional Rights, JOSEPH RILEY suffered and continues to suffer injury as a result of his false arrest, incarceration, and prosecution.

**CAUSE OF ACTION FOR *MONELL* LIABILITY**

**VIII. CAUSE OF ACTION FOR NEGLIGENT TRAINING**

Plaintiffs re-allege and incorporate paragraphs 3.1 to 3.84 as 8.1 to 8.84.

8.85 That SPOKANE COUNTY, CITY OF SPOKANE VALLEY, SPOKANE COUNTY SHERIFF's DEPARTMENT, and SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH are liable for the actions of their employees for failing to

properly train said employees to properly investigating and accurately reporting in a criminal investigation.

8.86 That as a result of the actions or inactions of the employees of SPOKANE COUNTY, CITY OF SPOKANE VALLEY, SPOKANE COUNTY SHERIFFS DEPARTMENT, and SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH in training employees. JOSEPH RILEY was falsely arrested, incarcerated, prosecuted, suffered, and continues to suffer injury.

8.87 That SPOKANE COUNTY, CITY OF SPOKANE VALLEY, SPOKANE COUNTY SHERIFFS DEPARTMENT and SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH failed to adequately and fully train law enforcement officers, including DETECTIVE MARC MELVILLE resulting in the injury to JOSEPH RILEY.

8.88 SPOKANE COUNTY, CITY OF SPOKANE VALLEY, SPOKANE COUNTY SHERIFF'S DEPARTMENT AND SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH failed to train DETECTIVE MARC MELVILLE in dangers of coercing false statements which resulted in false identification from Stephanie Banna and Kailyn Mellick.

8.89 That as a result of the negligent training, JOSEPH RILEY, SHALEE RILEY, and minor children suffered and continues to suffer injury.

## IX. CAUSE OF ACTION FOR NEGLIGENT SUPERVISION

Plaintiffs re-allege and incorporate paragraphs 3.1 to 3.84 as 9.1 to 9.84.

9.85   That SPOKANE COUNTY, SPOKANE COUNTY, SPOKANE COUNTY SHERIFFS DEPARTMENT, SHERIFF OZZIE KNEZOVICH, are liable for the actions of their employees for failing to supervise said employees in procedures involving proper supervision and use of proper investigative techniques, which resulted in the injury to JOSEPH RILEY and SHALEE RILEY and minor children

9.86   That as a result of the actions or inactions of the employees of SPOKANE COUNTY, SPOKANE COUNTY SHERIFFS DEPARTMENT, and SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH JOSEPH RILEY, SHALEE RILEY and minor children suffered and continues to suffer injury.

9.87   That SPOKANE COUNTY, SPOKANE COUNTY SHERIFFS DEPARTMENT, and SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH, failed to adequately and fully supervise DETECTIVE MARC MELVILLE, law enforcement officers and investigators resulting in the false arrest, wrongful incarceration, and injury of JOSEPH RILEY, SHALEE RILEY, and minor children.

9.88   That as a result of the negligent supervision, JOSEPH RILEY, SHALEE RILEY, and minor children suffered and continue to suffer injury including financial, mental, psychological, and reputation among other damages.

9.89   SPOKANE COUNTY, SPOKANE COUNTY SHERIFFS DEPARTMENT, and SHERIFF OZZIE KNEZOVICH allowed DETECTIVE MARC MELVILLE and officers JOHN/JANE DOES 1-10 to falsely arrest and wrongfully charge JOSEPH RILEY with crimes and to make false media releases regarding JOSEPH RILEY committing assault in 1st Degree and Murder.

## X. CAUSE OF ACTION FOR MALICIOUS PROSECUTION

Plaintiffs re-allege and incorporate paragraphs 3.1 to 3.84 as 10.1 to 10.84.

10.85  JOSEPH RILEY has been subjected wrongfully to warrantless, false arrest, and criminal prosecution by SPOKANE COUNTY, CITY OF SPOKANE VALLEY, SPOKANE COUNTY SHERIFFS DEPARTMENT, PROSECUTORS SHARON HEDLUND and LARRY HASKELL, SHERIFF OZZIE KNEZOVICH, and DETECTIVE MARC MELVILLE, for Assault 1st Degree.

10.86  The CITY OF SPOKANE VALLEY, SPOKANE COUNTY SHERIFFS DEPARTMENT, SPOKANE COUNTY, SHERIFF OZZIE KNEZOVICH, SPOKANE COUNTY PROSECUTORS LARRY HASKELL and SHARON HEDLUND, DETECTIVE MARC MELVILLE, and JOHN/JANE DOE 1-10 acted to prosecute JOSEPH RILEY for crimes, that were not properly investigated and falsely reported leading to JOSEPH RILEY to be wrongfully charged for these crimes.

10.87  That the charges were reckless and wrongfully alleged and filed against JOSEPH RILEY and were ultimately dismissed with prejudice by Spokane County Prosecutors Larry Haskell and Sharon Hedlund.

10.88  There was no probable cause to warrantlessly arrest JOSEPH RILEY as the evidence supported that JOSEPH RILEY was at home on December 28 and 29, 2019 and that he did not commit the crime of first degree assault.

10.89 That DETECTIVE MARC MELVILLE made false, misleading, and inaccurate statements in the affidavit of probable cause which resulted in the false arrest of JOSEPH RILEY.

10.90 JOSEPH RILEY has incurred damages as a result of these false allegations, false arrest, incarceration, mental, and emotional damages to his reputation and has incurred attorney's fees and costs in defending from these false claims.

## XI. CAUSE OF ACTIONS FOR ABUSE OF PROCESS

Plaintiff re-alleges and incorporates paragraphs 3.1 to 3.84 as paragraphs 11.1 to 11.84.

11.85 JOSEPH RILEY have been subjected wrongfully to criminal prosecution by SPOKANE COUNTY, CITY OF SPOKANE VALLEY, SPOKANE COUNTY PROSECUTORS LARRY HASKELL and SHARON HEDLUND, SPOKANE COUNTY SHERIFFS DEPARTMENT, SHERIFF OZZIE KNEZOVICH, and DETECTIVE MARC MELVILLE by basing his arrest on falsely reported and inaccurately reported statements of Kailyn Mellick and Stephanie Banna. The officer cannot simply take the statements of anyone who reports that a particular individual perpetrated a crime (Castillon v. United States, 298 F.2d 256, 259 (9th Cir. 1962).

11.86 The CITY OF SPOKANE VALLEY, SPOKANE COUNTY SHERIFFS DEPARTMENT, SPOKANE COUNTY, SHERIFF OZZIE KNEZOVICH, SPOKANE COUNTY PROSECUTOR LARRY HASKELL and SHARON

HEDLUND, DETECTIVE MARC MELVILLE and JOHN/JANE DOES 1-10 continued to prosecute and incarcerate JOSEPH RILEY ignoring exculpatory evidence that JOSEPH RILEY was falsely arrested, incarcerated, and charged in the assault.

11.87  The proceeding against JOSEPH RILEY were first dismissed without prejudice and ultimately dismissed with prejudice.

11.88  There was no probable cause for the criminal proceeding due to the false reporting and lack of proper documentation of the exculpatory evidence by DETECTIVE MARC MELVILLE.

11.89  DETECTIVE MARC MELVILLE initialed the criminal proceeding in reckless, malicious, disregard when JOSEPH and SHALEE RILEY insisted that JOSEPH RILEY was at home and not at Ichabods Bar and Grill on December 28 and 29, 2019.

11.90  DETECTIVE MARC MELVILLE made false statements in his affidavit of probable cause and made material false misrepresentations in his affidavit of probable cause.

## XII.  FALSE ARREST AND FALSE IMPRISONMENT

Plaintiff re-alleges and incorporates paragraphs 3.1 to 3.84 as paragraphs 12.1 to 12.84.

12.85  DETECTIVE MARC MELVILLE, SPOKANE COUNTY SHERIFFS DEPARTMENT and SHERIFF OZZIE KNEZOVICH by the exercise of force or

by an express or implied threat of force, warrantless arrest of JOSEPH RILEY by restraining, confining and/or detaining plaintiff's personal liberty when he placed his hands upon his person and physically manipulated his arms behind his back, placing handcuffs on his wrists.

12.86 DETECTIVE MARC MELVILLE, SPOKANE COUNTY SHERIFFS DEPARTMENT and SHERIFF OZZIE KNEZOVICH acted recklessly and intentionally in making a warrantless arrest of plaintiff JOSEPH RILEY based upon false information and incorrectly reported information in the affidavit of probable cause.

12.87 DETECTIVE MARC MELVILLE, SPOKANE COUNTY SHERIFFS DEPARTMENT and SHERIFF OZZIE KNEZOVICH acted unlawfully by falsely reporting evidence, coercing a false statements, and reporting false statements regarding the facts in this case falsely implicating JOSEPH RILEY.

12.88 DETECTIVE MARC MELVILLE, SPOKANE COUNTY SHERIFFS DEPARTMENT and OZZIE KNEZOVICH failed to document accurately in the probable cause affidavit and ignoring any exculpatory evidence as to JOSEPH RILEY's involvement in the assault of Daniel Jarman.

12.89 The arrest and incarceration were against the will and without the consent of JOSEPH RILEY.

12.90 As a result of the false arrest and false imprisonment, JOSEPH RILEY and SHALEE RILEY suffered damages and continues to suffer damages

12.91 The charges filed against JOSEPH RILEY were later dismissed first without prejudice and later with prejudice by the prosecuting attorney's office.

## XII. CAUSE OF ACTION OF DEFAMATION, LIBEL, SLANDER, AND FALSE LIGHT

Plaintiff re-alleges and incorporates paragraphs 3.1 to 3.84 as paragraphs 13.1 to 13.84.

13.85 False and incomplete statements were made by DETECTIVE MARC MELVILLE accusing JOSEPH RILEY of serious violent assaults against Daniel Jarman has caused Mr. JOSEPH RILEY to be held in a negative light which continues today.

13.86 False and incomplete swearing made by DETECTIVE MARC MELVILLE that JOSEPH RILEY had been at Ichabods Bar and Grill on December 28 to 29, 2019 caused JOSEPH RILEY to suffer both financial and personal damages from the false swearing by DETECTIVE MARC MELVILLE.

13.87 DETECTIVE MARC MELVILLE made false statements to SHALEE RILEY that her husband had been unfaithful and involved romantically with other women on December 28 and 29, 2019.

13.88 DETECTIVE MARC MELVILLE in making false and misleading statements verbally, in police reports, affidavits of probable cause, and in press releases regarding JOSEPH RILEY causing false information to be published in press and

social media about JOSEPH RILEY's involvement in a serious violent offense, murder and an involvement in extramarital relationships.

13.89  DETECTIVE MARC MELVILLE'S false, misleading, and reckless statements caused marital discord in the marriage of JOSEPH RILEY and SHALEE RILEY.

13.90  DETECTIVE MARC MELVILLE's false, reckless, and misleading statements led to the false warrantless arrest and incarceration of JOSEPH RILEY.

13.91  DETECTIVE MARC MELVILLE's false statements have caused JOSEPH RILEY to lose business relationships, financial losses, and to be held in low regard in press and in social media.

13.92  DETECTIVE MARC MELVILLE's false accusations are reported to this date on social media irreparably damaging the Plaintiff's online reputation.

## XIV. RELIEF SOUGHT

14.1  WHEREFORE, the Plaintiffs pray for judgment against the Defendants, jointly and severally, in an amount that will fairly compensate the Plaintiff for all damages sustained, costs, and reasonable attorneys' fees and costs, interest calculated at the maximum amount allowable by the law, and any other relief the Court deems just, including but not limited to:

14.2  Past and future medical expenses.

14.3  Past and future emotional and psychological counseling costs.

14.4  Past and future loss of earnings.

14.5  Permanent and partial impairment of earnings and earning capacity.

14.6   Pain and suffering.

14.7   Past and future permanent and partial disability.

14.8   Loss of enjoyment of life.

14.9   Past and future special damages.

14.10  Interest calculated at the maximum amount allowable by law, including

       prejudgment interest.

14.11  Injunctive relief to prevent future actions to protect others similarly situated,

       requiring disclosure of police involvement with witnesses in criminal cases.

14.12  Injunctive relief requiring training of police investigator in false identification by

       eyewitnesses.

14.13  Injunctive relief to require Spokane County Sheriffs Department to utilize body

       cams for all investigating

14.14  Punitive damages.

14.15  Actual or compensatory damages.

14.16  Nominal damages.

14.17  Attorneys' fees and cost.

14.18  Cost and disbursements herein in an amount to be proven at the time of trial.

14.19  Such other relief as the Court believes is equitable and just.

DATED this 22nd day of December, 2021.

DOUGLAS D. PHELPS, WSBA#22620
Attorney for Plaintiffs

STATE OF WASHINGTON )
                                    ) ss
County of Spokane )

JOSEPH RILEY, being first duly sworn on oath, deposes and states:

I am the named Plaintiff herein, I have read the foregoing Complaint for Damages; I know the contents thereof, and I believe the same to be true and correct.


_____
JOSEPH RILEY


SUBSCRIBED AND SWORN TO before me this 21 day of December, 2021.


_____
NOTARY PUBLIC for the State of Washington

Residing at Spokane, WA

My Commission expires: 6 / 19 / 23

AMANDA SMITH
NOTARY PUBLIC #208165
STATE OF WASHINGTON
COMMISSION EXPIRES
JUNE 19, 2023

COMPLAINT (Riley v. City of Spokane, et al.) - 36

STATE OF WASHINGTON )
) ss
County of Spokane )

SHALEE RILEY, being first duly sworn on oath, deposes and states:

I am the named Plaintiff herein, I have read the foregoing Complaint for Damages; I know the contents thereof, and I believe the same to be true and correct.


SHALEE RILEY


SUBSCRIBED AND SWORN TO before me this 21st day of December, 2021.


NOTARY PUBLIC for the State of Washington

Residing at Spokane, WA

My Commission expires: 6/19/23

AMANDA SMITH
NOTARY PUBLIC #208165
STATE OF WASHINGTON
COMMISSION EXPIRES
JUNE 19, 2023