Case 2:21-cv-00355-SAB    ECF No. 59    filed 12/19/23    PageID.1079    Page 1 of 8

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 19, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH RILEY and SHALEE RILEY, husband and wife, and the marital community comprised thereof, on behalf of minors F.R., A.R., L.D-R, and G.W., <br><br> Plaintiffs, <br><br> v. <br><br> LARRY HASKELL, Spokane County Prosecutor; SHARON HEDLUND, Spokane County Prosecutor; SPOKANE COUNTY; SPOKANE COUNTY SHERIFF'S OFFICE; OZZIE KNEZOVICH, Sheriff; and MARC MELVILLE, Detective, <br><br> Defendants. | No. 2:21-CV-00355-SAB <br><br> **ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendants' Motion for Summary Judgment, ECF No. 40. Defendants are represented by Heather Yakely. Plaintiffs are represented by Douglas Phelps. The motion was heard without oral argument.

After reviewing the briefing, caselaw, and parties' arguments, the Court **GRANTS in part** and **DENIES in part** summary judgment.

//

**ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1**

## I.     MOTION STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## II.     BACKGROUND

This is a case of mistaken identity. It is also a case involving a sloppy and inadequate police investigation. As a result, an innocent man, Joseph Riley, was wrongfully arrested and charged with assault and nearly murder. He should never have been arrested.

**ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT * 2**

The incident that led to Mr. Riley's arrest began during the early morning of December 29, 2019. Daniel Jarman was assaulted by Jamie Peterson outside of Ichabod's Tavern in Spokane Valley, Washington. Mr. Jarman suffered serious head injuries and died a few days later. The assault was witnessed by two women, Stephanie Banna and Kailyn Mellick, who had been drinking with the two men for several hours, though Ms. Mellick stated she was not intoxicated. The two women did not know the two men well, and the two men did not know each other at all.

For some reason, not clear in the record, Ms. Banna thought Jamie Peterson was Joe Riley, and Mr. Peterson did not correct her. Ms. Banna did not know Mr. Peterson prior to that evening, and clearly, given the mistaken identity, she also did not know Mr. Riley very well.

Mr. Riley was arrested at his home on January 2, 2020, by Defendant Detective Marc Melville. The arrest occurred in front of Mr. Riley's wife and children. Detective Melville did not have a warrant to arrest Mr. Riley, and he based his decision to make the arrest on his mistaken belief Mr. Riley had assaulted Mr. Jarman. In fact, Mr. Riley was not present at the incident, and he was not involved in any way. Mr. Riley was charged with assault, but Detective Melville recommended that the charges be amended to murder.

Subsequent investigation revealed Mr. Peterson, not Mr. Riley, was the person who killed Mr. Jarman. On January 30, 2020, the prosecutor dropped the charges against Mr. Riley, but it is not clear why it took a full month for Detective Melville to discover he had arrested the wrong person. In the meantime, Mr. Riley spent two weeks in the Spokane County jail—wrongfully charged with assault—and a full month living under the threat of an impending murder charge.

### III.    DISCUSSION

A.    **Probable Cause**

The primary issue in this case is whether Detective Melville had probable cause when he arrested Mr. Riley. If probable cause existed, all the legal causes of

**ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT \* 3**

action could be dismissed, both federal and state. The case would be simple if Detective Melville had arrested Mr. Riley pursuant to an arrest warrant. But he did not. Instead, he arrested Mr. Riley without a warrant and based on his own decision. He did not seek prosecutorial or judicial review prior to making the arrest. That is not the way the criminal justice system is intended to work.

      Detective Melville decided to arrest Mr. Riley based on the identification of "Joe Riley" by Ms. Banna and Ms. Mellick, "among other things" (those other things were not explained). He chose to arrest Mr. Riley because he was a "business owner" and a potential "flight risk" (those concerns were not further explained or put into context). At the time of the arrest, Detective Melville had yet to review the Ichabod's security footage, had not processed Ms. Banna's vehicle for fingerprints or other evidence, had not shown either women a photo of Mr. Riley to verify the identification, and had not reviewed the evidence provided by Mr. Riley disputing his presence at Ichabod's that night, which he described as irrelevant (it might have been very relevant during prosecutorial and judicial review of probable cause and it may be very relevant to a jury in this civil case). Detective Melville relied on the accounts of two women, one who did not know Mr. Riley and the other who had been consuming alcohol all night and had met Mr. Riley briefly and only in passing.

      Additionally, the record indicates that the two women told the officers who responded to the assault that "they did not know who the victim or the suspect were". Yet, when interviewed by Detective Melville, the women indicated that the assailant was Joe Riley. Detective Melville did not identify this major discrepancy in the evidence, nor did he investigate this discrepancy before arresting Mr. Riley without a warrant. Had he done so, it is most likely that the prosecutor would not have supported criminal charges and the judge would not have found probable cause to hold Mr. Riley in custody. The determination of probable cause should involve some corroboration of identification from witnesses who had been

**ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT \* 4**

drinking and, at the time of the event, were uncertain as to their observations.

The disagreement regarding probable cause involves several issues of disputed material facts. Consequently, the motion to dismiss based on probable cause is **DENIED**. All claims involving Detective Melville, both federal and state, survive for trial because in an action based on 42 U.S.C. Section 1983, the factual matters underlying the judgment of reasonableness generally means that probable cause is a question of fact for the jury, and summary judgment is appropriate only if no reasonable jury could find that the officers did or did not have probable cause to arrest. *See McKenzie v. Lamb*, 738 F.2d 1005, 1008 (9th Cir. 1984). The state claims against Spokane County also survive for trial because those claims also involve whether probable cause to arrest existed.

As for the *Monell* municipal liability claim for Spokane County, Defendants argue Plaintiffs present no evidence to show a consistent pattern or custom established by Defendant Spokane County, the Spokane County Sheriff's Office, and Sheriff Knezovich that led to a violation of Plaintiffs' civil rights. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978). Plaintiffs respond that the lack of probable cause for the arrest is enough to hold the County liable.[1] Further, they point to another case, *Thomas v. Spokane County*, No. 2:18-CV-00306 (E.D. Wash., Apr. 25, 2019), as evidence the County knew of Detective Melville's alleged tendencies to materially misrepresent facts in probable cause affidavits. Despite the fact the claims against the County in *Thomas* were dismissed with prejudice, they are enough to show the possibility the County had

---

[1] The supporting citation to *Gurno v. Town of LaConner*, 65 Wash. App. 218, 229 (June 29, 1992), is improper. In *Gurno*, the Washington Court of Appeals rejected the Section 1983 claim against the municipality; whether a lack of probable cause could provide a foundation for a Section 1983 claim related to the actions of the individual officers. *Id.* at 226.

**ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT * 5**

notice of Detective Melville's improper police practices, which appear to be arrest first and investigate later. As well, the County may have ratified Detective Melville's conduct in certifying his charging request and affidavit of probable cause because their actions "approve[d] a subordinate's decision and the basis for it." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). Further, "a single decision by a municipal policymaker may be sufficient to trigger section 1983 liability under *Monell*, even though the decision is not intended to govern future situations." *Gillette v. Delmore*, 979 F.2d 1342, 1347 (9th Cir. 1992) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–81 (1986). "The jury properly could find such policy or custom from the failure of [the policymaker] to take any remedial steps after the violations." *Larez v. City of Los Angeles*, 946 F.2d 630, 647 (9th Cir. 1991).

The Court **DENIES** summary judgment for the *Monell* claims against Spokane County and Sheriff Knezovich.

**B.    Prosecutorial (Absolute) Immunity**

The prosecutors (Hedlund and Haskell) did not do much in this case—that is part of the problem. Had more prosecutorial oversight and review been provided, it is likely a more careful investigation would have been conducted, and Mr. Riley would not have been arrested and charged with assault and nearly murder.

Prosecutorial immunity is intended to ensure the proper functioning of the criminal justice system because it protects prosecutors from excessive interference with their duties. Here, it appears to have accomplished the exact opposite. Prosecutors should make charging decisions, not law enforcement officers. Prosecutors should act independently when making those charging decisions and not simply accept the decisions already made by law enforcement officers. Prosecutors should not hide behind their legal immunity and use it to rubber stamp, and thereby protect, the questionable decisions made by the police.

However, the motions regarding Defendants Hedlund and Haskell are

**ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT * 6**

1  **GRANTED** and Hedlund and Haskell are **DISMISSED** because prosecutors are entitled to absolute immunity for actions considered "traditional functions of an advocate." *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997). Absolute immunity is "immunity from suit rather than a mere defense to liability." *Butler v. San Diego Dist. Attorney's Off.*, 370 F.3d 956, 963 (9th Cir. 2004) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Absent a showing of facts clearly in violation of established law, immunity stands. *Id.* at 964.

**D.    Remaining Claims**

Plaintiffs assert a claim under the Eighth Amendment. However, Mr. Riley was never convicted, so the Court **DISMISSES the claim with prejudice**.

Plaintiffs also assert claims under the Washington State Constitution Article 1, Section 14 or Section 35. Those claims are also not properly identified in the Complaint, and Washington law does not recognize civil claims for damages based on the state constitutional, absent a statutory cause of action. *See Blinka v. Washington State Bar Ass'n*, 109 Wash. App. 575, 591 (2001) (citations omitted). As such, and the Court **DISMISSES** any claims related to those sections.

Accordingly, **IT IS HEREBY ORDERED:**

1.    Defendants' Motion for Summary Judgment, ECF No. 40, is **GRANTED**, in part, and **DENIED**, in part, as listed:

    a.    Summary judgment for all federal claims against Detective Marc Melville, Sheriff Ozzie Knezovich, and Spokane County is **DENIED**;

    b.    Summary judgment for all claims against Prosecutors Hedlund and Haskell is **GRANTED,** and Hedlund and Haskell are **DISMISSED**;

    c.    Summary judgment for all claims against the Spokane County Sheriff's Office is **GRANTED** and the County **DISMISSED** because it is an unnecessary and duplicative party;

**ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT \* 7**

        d. Summary judgment for all state law claims is **DENIED** as to all remaining defendants—Detective Melville, Sheriff Knezovich, and the County of Spokane;

        e. The Eighth Amendment claim and any State claims related to the Washington State Constitution Section 1, Articles 14 and 35, are **DISMISSED with prejudice**.

2. The parties shall confer and submit a status report to the Court **no later than February 1, 2024** regarding the next steps for this case, if any.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to file this Order and provide copies to counsel.

**DATED** this 19th day of December 2023.



                Stanley A. Bastian
           Chief United States District Judge

**ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT \* 8**